UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT, )
           )  No. 2:25-cv-01275-JHC
    Plaintiff, )
  v. )  CONSENT DECREE
           )
TRIDENT SEAFOODS CORPORATION, )
           )
    Defendant. )
           )

## I.  STIPULATIONS

WHEREAS, Plaintiff Waste Action Project filed a complaint on July 8, 2025 (Dkt. 1) against defendant Trident Seafoods Corporation ("Trident") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, relating to discharges of stormwater, wastewater, and other pollutants from Trident's seafood processing and packaging facility at or about 1400 4th Street, Anacortes, WA 98221 (the "Facility"), and any contiguous or adjacent properties owned or operated by Trident, to the Guemes Channel and to the Anacortes Wastewater Treatment Plant ("Anacortes WWTP"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

CONSENT DECREE
No. 2:25-cv-01275-JHC
1

Trident denies any fault, wrongdoing, or liability for the claims and violations alleged in Plaintiff's Notice Letter and Complaint.

WHEREAS, Waste Action Project and Trident (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 2 day of  March            , 2026.


TRIDENT SEAFOODS CORPORATION          WASTE ACTION PROJECT

By _____          By _____ [1]
Erik B. Anderson                          Greg Wingard
Executive Vice President, General Counsel    Executive Director

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.   This Court has jurisdiction over the Parties and subject matter of this action.

[1 Signatures are included at Dkt. # 12-1.]

CONSENT DECREE
No. 2:25-cv-01275-JHC
2

2.     Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3.     This Consent Decree applies to and binds the Parties and their successors and assigns.

4.     This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Trident of the Facility.

5.     This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Trident's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Waste Action Project and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Waste Action Project's exclusive remedy for any violation of its terms.

6.     This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Trident or its contractors, customers, or other third parties. Trident

CONSENT DECREE
No. 2:25-cv-01275-JHC
3

agrees to the terms and conditions identified below in paragraphs 7-9 in full and complete satisfaction of all the claims covered by this Consent Decree:

7.    Upon entry of the Consent Decree, Trident will implement the following injunctive relief:

    a. Trident will adhere to the requirements of the Clean Water Act at the Facility and the terms and conditions of the Industrial Stormwater General Permit ("ISGP") and the Pretreatment Permit and any successor or modified versions of these NPDES permits, including implementing all best management practices ("BMPs") provided in the Facility's Stormwater Pollution Prevention Plan ("SWPPP").

    b. Trident will, on a quarterly basis, electronically forward to Waste Action Project copies of all communications or documents provided to and/or received from Ecology related to the ISGP and Pretreatment Permit for the Facility for the term of the Consent Decree. Trident will also, on a quarterly basis, electronically send Waste Action Project written progress reports that explain Trident's efforts to comply with the consent decree, until such time as the injunctive relief detailed below in paragraphs 7(c)-(n) is fully completed.

    c. Within three (3) years of entry of the Consent Decree, Trident will add the following to its existing wastewater treatment system: (1) a Moving Bed Biofilm Reactor (MBBR) system, (2) a new flocculator, and (3) a new dissolved air flotation (DAF) solid-liquid separator unit.

CONSENT DECREE
No. 2:25-cv-01275-JHC
4

d. By August 31, 2026, Trident will either coat or replace with stainless steel all galvanized metal surfaces exposed to stormwater on the condenser and the 4 ventilation ducts described as 1- 46"x46" exhaust, 1- 14"x20" exhaust, and 2- 36"x36" intake vents for the engine room located north of the HPR.

e. By June 30, 2026, Trident will take the following actions with regard to the strip drain and filter boom outside of Cold Storage #2:

   i. Update Trident's SWPPP to include the filter boom as a structural source control BMP;

   ii. Position the filter boom within the trench in a "snaking" manner so that the boom contacts both walls of the drain;

   iii. Include inspection of the strip drain area and filter boom for sediment accumulation as part of Trident's required monthly stormwater inspections;

   iv. Update Trident's SWPPP to include a maintenance schedule for replacement of the filter boom, which shall be a minimum of once per year, or more often as needed based on observations made during monthly stormwater inspections;

   v. Trident will arrange to clean the area in the vicinity of the catchment area that drains to the strip drain once per month, or more often as needed, and during dry weather, block the inlet to TS-1 and perform a water washdown of this drain, using a vactor truck to remove and dispose of the accumulated sediment and water;

CONSENT DECREE
No. 2:25-cv-01275-JHC
5

vi. Should a monthly inspection reveal that the strip drain appears clogged with sediment or has a heavy sediment load, Trident will schedule a cleanout of the strip drain, to be completed within thirty (30) days of the inspection;

vii. Document each such cleanout in the corrective actions log appended to the SWPPP, and inform Waste Action Project of each cleanout in Trident's quarterly written progress reports to Waste Action Project.

f. By June 30, 2026, Trident will (1) install a high water level alarm and overflow alarm inside Trident's StormwateRx Aquip Media Filtration System filter box, with a permanent record of any overflow that occurs, (2) report any bypass to Ecology per ISGP Condition G25, and (3) replace the inert media layer (media layer A) of the StormwateRx filtration media with new media annually, at minimum, or more often as indicated by the high water level alarm.

g. By July 31, 2026, Trident will move Sample Point 1 from the StormwateRx filter box outlet sample port to the point at which Trident's treated stormwater discharges to the MS4 discharge pipe located in the A-1 Outfall. Trident will also seal off the catch basin currently labelled "MS4 Point of Compliance" on Trident's site map with a spill-control type rubber mat. Trident may then use the existing pump vault grate inlet to intercept Trident's stormwater flows in Drainage Area A-1.

h. Immediately upon entry of the Consent Decree, Trident will turn all catch

CONSENT DECREE
No. 2:25-cv-01275-JHC
6

basin inserts at the Facility laterally and trim any extra fabric around the grates.

i.   By October 31, 2026, Trident will patch and repair the damaged pavement in Drainage Area T-1, as reflected in photos from the site visit.

j.   Immediately upon entry of the Consent Decree, Trident will clean up the stained areas of pavement outside the oil storage tank containment area and small pump house.

k.   By August 31, 2026, Trident will install a drivable diversion berm across M Avenue to prevent run-on and replace the vented lid of Catch Basin 11 with a grate inlet to allow for collection of separate MS4 runoff from M Avenue. Once the injunctive relief in this paragraph is completed, Catch Basin 11 will become the new MS4 point of compliance at the facility.

l.   By August 31, 2026, Trident will fill the gap between the northeast corner of the Boathouse Building and the curb to prevent unmonitored stormwater from discharging through the gap.

m.   Immediately upon entry of the Consent Decree, Trident will create a monthly housekeeping record to include sweeping around and under dumpsters at the Facility, and to track the condition of such dumpsters. Trident will also remind its vendors that dumpsters containing holes are unacceptable, and will inspect all new dumpsters for holes immediately upon arrival.

n.   By June 30, 2026, Trident will retain New North Consulting to implement the following revisions to its Facility SWPPP:

CONSENT DECREE
No. 2:25-cv-01275-JHC
7

     i.     Add all BMPs required by the Consent Decree, including those referenced in the above paragraphs 7(a)-(m).

     ii.     Revise the site map to add: (1) locations of sample points; (2) the locations of actual and potential pollutant sources; and (3) the location of the wastewater treatment system.

     iii.     Update the facility assessment and description to include a description of the flow of goods throughout the facility and identify all NAICS codes listed on Trident's application for ISGP renewal, including a discussion of the industrial activities conducted at the facility related to each NAICS code.

     iv.     Update the pollution prevention team to identify who at the Facility is responsible for SWPPP modifications.

     v.     Update the SWPPP to identify which structural source control BMPs are implemented at the Facility and the locations of such implementation.

8.     Payment to Environmentally Beneficial Projects: Within thirty (30) days of entry of this Consent Decree by the Court, Trident will pay $165,000 (ONE HUNDRED SIXTY-FIVE THOUSAND DOLLARS) to the Rose Foundation for projects to benefit water quality in the Guemes Channel watershed, as described in **Exhibit 1** to this Consent Decree. The check will be made to the order of the Rose Foundation and delivered to: Rose Foundation, 201 4th Street, Suite 102, Oakland, CA, 94607, Attention: Jodene Isaacs. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project

CONSENT DECREE
No. 2:25-cv-01275-JHC
8

v. Trident Seafoods Corporation, W.D. Wash. No. 2:25-cv-01275-JHC." Trident will send a copy of the check and cover letter, if any, to Waste Action Project and its counsel, pursuant to the notice provisions in paragraph 18.

9.    Within seven (7) days of entry of this Consent Decree by the Court, Trident will pay $52,000 (FIFTY-TWO THOUSAND DOLLARS) to Waste Action Project to cover Waste Action Project's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

10.    A force majeure event is any event outside the reasonable control of Trident that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Trident timely notifies Waste Action Project of the event, the steps that Trident will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11.    Trident will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than ten (10) business days after Trident becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

CONSENT DECREE
No. 2:25-cv-01275-JHC
9

By way of example and not limitation, force majeure events include:

a.    Acts of God, war, insurrection, or civil disturbance;

b.    Earthquakes, landslides, fire, floods;

c.    Actions or inactions of third parties over which Trident has no or limited control;

e.    Restraint by court order or order of public authority; and

f.    Strikes.

12.    This Court retains jurisdiction over this matter while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

13.    The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment

CONSENT DECREE
No. 2:25-cv-01275-JHC
10

can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Waste Action Project will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

14.    This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates three (3) years after the date of entry of this Consent Decree.

15.    Both Parties have participated in drafting this Consent Decree.

16.    This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

17.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18.    Notifications required by this Consent Decree must be in writing and via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Waste Action Project**:

Greg Wingard
Waste Action Project
gregwap@earthlink.net

CONSENT DECREE
No. 2:25-cv-01275-JHC
11

**And to**:

Alyssa Koepfgen
Evelyn Mailander
Smith & Lowney PLLC
alyssa@smithandlowney.com
evelyn@smithandlowney.com

**If to Trident:**

Stephanie Hardgrave
Shawn Stokes
Barney Conner
Trident Seafoods Corporation
shardgrave@TridentSeafoods.com
sstokes@TridentSeafoods.com
bconner@TridentSeafoods.com

**And to:**

Chris Baird
Rachel Sinsheimer
Headwaters Law Group
chris@headwaterslaw.com
rachel@headwaterslaw.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5 pm and on a business day, or else it is effective the following business day.

//

//

CONSENT DECREE
No. 2:25-cv-01275-JHC
12

DATED this 2nd day of March, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

CONSENT DECREE
No. 2:25-cv-01275-JHC